Emilio Nunez, J.
This is an article 78 proceeding instituted by landlord to review the determination of the City Rent Administrator denying his application for a certificate of eviction.
The premises consist of five stories. Under a certificate of occupancy issued in 1936 its use was that of a Class A multiple dwelling having two apartments on each floor. Thereafter, the then owner, prior to 1943, converted the building to a Class B multiple dwelling for single room occupancy as a furnished rooming house, creating 15 single rooms which were offered for rent. Landlord became the owner in 1959, but prior thereto he was the lessee of the premises. He filed with the Building Department an altered building application, approved February, *581 1960, and contracted for the restoration of the premises by converting the single rooms into apartments.
On June 3, 1960 the Department of Housing and Buildings placed a violation against the building, directing its restoration to lawful occupancy. At a claimed approximate cost of $60,000 nine apartments were restored. The tenth and last apartment to be restored is that consisting of rooms Nos. 7 and 8. The former has been occupied by the tenant herein for about 19 years, and it is this space which is the subject of this proceeding. Boom No. 8 is vacant and landlord contemplates combining the rooms into one apartment. It cannot be legally used otherwise.
On October 1, 1962 landlord filed an application for a certificate of eviction pursuant to section 54 of the regulations. Tenant answered that he has a self-contained apartment consisting of bathroom, kitchen and combination living room-bedroom (which landlord claims is one room with bath); that his occupancy was never illegal; that there are no violations against his apartment; that the application was to get a rent increase and in retaliation of tenant’s complaints against landlord.
Landlord contends that the violations on the premises because of the illegal conversion to single room occupancy could never be cured until the landlord completed the reconversion by combining units No. 7 and No. 8.
The District Bent Director denied the application and affirmed on protest upon the findings that there is no violation against the present use of the subject accommodation; that the application was instituted after the tenant filed application for a return of overcharge and reduction of rent; and that the landlord has failed to establish immediate and compelling necessity and good faith. That the Administrator is of the opinion that the issuance of the certificate of eviction would be inconsistent with the interest and purposes of the act and the regulations.
The fact that landlord’s altered building application triggered the filing of the violation does not detract from the fact that the building was illegally converted into single room occupancy and in violation of the certificate of occupancy. It was incumbent upon landlord, upon knowledge of the condition, to correct it, in conformity with the law. For doing so, he should not be penalized. Landlord has expended $60,000 to rehabilitate a building. He is being frustrated to the extent that one room which was formerly part of an apartment must be kept continuously vacant, while the other room of the former apartment is occupied by the tenant herein. Landlord has offered to temporarily relocate the tenant until both rooms No. 7 and No. 8 are reconverted into an apartment in accordance with the plans filed and in conform *582 anee with the certificate of occupancy. The fixation of rent for the apartment will be fixed upon application, by the District Bent Director.
The rule is that courts will not interfere with the Administrator’s determination unless there is no rational basis for the determination or has no warrant in the record or law. But in the circumstances herein the determination of the City Bent Administrator is unreasonable and fails to follow the intent of the rent law and regulations promulgated thereunder.
Petitioner has made an adequate demonstration that he is proceeding in good faith, shown an immediate compelling necessity and that the issuance of a certificate of eviction would be consistent with the intent and purposes of the rent law and regulations.
Accordingly, the application is granted, the determination denying a certificate of eviction is annulled and the City Bent Administrator is directed to issue the certificate of eviction against the tenant of Boom No. 7, however granting the right to said tenant to be relocated in the adjoining room and occupancy of the converted apartment upon a rental to be fixed by the District Bent Director.